UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

TODD M. JOHNSON                                   CIVIL ACTION 3-05-0356

VERSUS                                            U.S. DISTRICT JUDGE ROBERT G. JAMES

LOUISIANA HEALTH SCIENCES
    d/b/a E. A. CONWAY
    HOSPITAL, et al                            U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

This is an employment discrimination suit. Defendant, E. A. Conway Hospital filed a motion for summary judgment [**Doc. # 27**] which plaintiff opposes. The case has been referred to me by the District Judge for Report and Recommendation.

Plaintiff is an African-American male who was hired by defendant in January 1999 as Facility Maintenance Director at the hospital. He reported to Aryon McGuire, defendant. Plaintiff's job made him responsible for the "supervision, activities, [and] technical operations of the Facility Maintenance Department, Power Plant, Hospital grounds and its personnel." Plaintiff was required to have advanced knowledge of the construction trades such as carpentry, plumbing, etc. and was required to know how to draw and read blueprints, write design specifications, make construction estimates and so forth. Plaintiff was asked to resign his employment in October 2003.

Plaintiff sued the hospital under Title VII and his supervisor, McGuire under 42 U.S.C. 1981 and 1983. Plaintiff sues McGuire only in his individual capacity and admits the State's

entitlement to Eleventh Amendment immunity as to civil rights claims and arising out of acts in McGuire's official capacity.

In his complaint, Johnson claims that he "was subjected to a racial slur by being called "Buckwheat" and that no investigation of his complaint was conducted. Plaintiff also claims that he "was subjected to more serious discipline than whites by Aryon McGuire who were similarly situated. Petitioner was often singled out for isolation in departmental meetings by Aryon McGuire."

Defendant asserts that the allegations as to the Buckwheat comment are prescribed, that plaintiff cannot make out a prima facia case, and that, in any event, plaintiff was terminated because he failed to perform his job satisfactorily.

## The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a

genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried. Since plaintiff has not attempted to controvert any of the specific facts stated in the defendant's statement of undisputed facts, those facts will be deemed admitted for purposes of this motion.

A party seeking summary judgment always bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett,</u> 106 S.Ct. 2548 at 2552; <u>International Ass'n. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., Inc.</u>, 812 F.2d 219, 222 (5th Cir. 1987). However, movant need not negate the elements of the nonmovant's case. <u>Litttle v. Liquid Air Corporation</u>, 37 F.3d 1069, (5th Cir. 1994). Once this burden has been met, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." <u>Izen v. Catalina</u> 382 F.3d 566 (5th Cir. 2004); Fed. R. Civ. P. 56(e). All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. <u>Little</u>, 37 F.3d at 1075.

However, the non-movant, to avoid summary judgment as to an issue on which it would bear the burden of proof at trial, may not rest on the allegations of its pleadings but must come

3

forward with proper summary judgment evidence sufficient to sustain a verdict in its favor on that issue. Austin v. Will-Burt Company, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, id.

In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Celotex at 2553.

In an employment discrimination case, the focus is on whether a genuine issue of material fact exists as to whether the defendant intentionally discriminated against the plaintiff. LaPierre v. Benson Nissan, Inc., 86 F.3d 444, 447 (5th Cir. 1996). Further, "it is incumbent upon the non-moving party to present evidence–not just conjecture and speculation– that the defendant...discriminated against the plaintiff on the basis of his race." Grimes v. Texas Dept. of Mental Health, 102 F.3d 137 (5th Cir. 1996).

Applicable Law

Claims of employment discrimination brought under 42 U.S.C. 1981, 1983, or 2000d are analyzed under the same evidentiary standard as claims brought under Title VII of the Civil Rights Act of 1964, as amended at 42 U.S.C. 2000e et seq. See Lawrence v. Uni of Tex. Med. Br. at Galveston, 163 F.3d 309, 311 (5th Cir. 1999).

Title VII prohibits an employer from discriminating against an employee with respect to "compensation, terms, conditions or privileges of employment" because of race. 42 U.S.C. 2000e-2 (a)(1). Where there is no direct evidence of discrimination, the court applies the burden

shifting test established by McDonnell Douglas v. Green, 411 U. S. 792 (1973). Under this test, if plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse action. If defendant satisfies the burden, the burden shifts back to plaintiff who must prove that "the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 143 (2000). Plaintiff can establish pretext either directly, by showing that a discriminatory reason motivated defendant, or indirectly, by showing that the reasons given for defendant's actions are simply not believable. Texas Dep't. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). In either respect, " the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Reeves, supra.

In order to make out a prima facie case, plaintiff must prove 1) membership in a protected class, 2) that he was qualified for the position, 3) that the defendant made an adverse employment decision despite the plaintiff's qualifications, and 4) that the plaintiff was replaced with a person not a member of the protected class. Portis v. First National Bank, 34 F.3d 325, (5th Cir. 1994); McDonnell Douglas, supra..

Analysis

1) Racial slur

Defendant argues that plaintiff's claim as regards the "Buckwheat" comment is prescribed as having been said by a co-employee in November 2001. Plaintiff did not file a complaint within 300 days and the first complaint to the EEOC was not until January of 2004.

Plaintiff's complaint alleges that the comment was made once. Plaintiff has offered no

evidence or even argument that the remark was ever made again or was part of a continuing series of remarks. As such, this single incident was a stray remark from which no reasonable finder of fact could infer race discrimination. See Boyd v. State Farm Insurance Companies, 158 F.3d 326 (5th Cir. 1998). In any event the evidence shows that the incident was investigated by defendant and there exists no genuine issue of material fact as to whether the incident resulted in discrimination. Further, any claim regarding the incident is prescribed.

2) Discrimination

Defendant admits that plaintiff is a member of a protected class and that plaintiff was asked to resign his employment and does not contest that plaintiff was replaced with a white employee, but asserts that he was not qualified for the position he had held and therefore cannot prove the second element of a prima facie case. "To be qualified for a position means that the individual 'was doing his job well enough to rule out the possibility that he was fired for inadequate job performance, absolute or relative.'" Wilkins v. Eaton Corp., 790 F2d 515 (6th Cir. 1986), citing Loeb v. Textron, Inc. 600 F.2d 1003, 1013 (1st Cir. 1979).

Plaintiff's job performance is relevant both as to his prima facie case, and as to defendant's claim that it had a legitimate reason for terminating him.

The defendant's burden to prove a legitimate, non-discriminatory reason for terminating plaintiff is a burden of production, not of persuasion. Plemer v. Parsons-Gilbane, 713 F.2d 1127, 1135 (5th Cir. 1983). Defendant submitted the affidavit of plaintiff's supervisor, Aryon McGuire who is the Administrator of the hospital. McGuire attests that plaintiff was asked to resign in lieu of termination for poor job performance. Plaintiff was asked on a number of occasions to improve his performance and McGuire had "many conversations" with plaintiff regarding his

6

poor performance and counseled him. In his affidavit, McGuire recites numerous deficiencies in plaintiff's work, including his failure to ensure that fire walls in the hospital were properly installed and designated, failure to inspect the work of his employees under his supervision, failure to inspect the work of outside contractors, and failure to properly supervise his employees. The final straw was, according to McGuire's affidavit, plaintiff allowing construction to begin in the OBGYN area of the hospital without first installing privacy walls in order to protect the patients' privacy and also to comply with regulations concerning protecting the area from contaminants.

Plaintiff claims that these reasons were mere pretext and that he had been singled out by McGuire in executive health care effectiveness meetings several times for perhaps a year prior to his dismissal. He suggests that "[a]ny little thing I did, it got blown up." [1] On the other hand, another department head, Becky Norsworthy, was treated differently, he testified. Plaintiff admits, however, that he doesn't know if other heads have been disciplined for anything. The assistant Director of Human Resource Management, Jim Hardegree, testified by affidavit that Norsworthy's performance was good, and that she had not been disciplined and that any problems in her department were not due to her fault. Hardegree also attested that, despite the hospital's policies regarding discrimination, of which plaintiff was aware, plaintiff never made any complaint about being criticized or that the deficiencies which had been brought out in the meetings were a pretext for race discrimination.

Defendant has articulated legitimate, nondiscriminatory reasons for asking for plaintiff's resignation.

---

[1] Plaintiff's deposition, p. 23.

Plaintiff counters by arguing that his performance reviews were good. In support, plaintiff attaches the employee evaluation form of March 3, 2003. In the evaluation form, plaintiff was rated 3.33, "meets requirements", out of a possible 5 points "outstanding". However, on the form it is noted that plaintiff had let the effort level of his department diminish and he needed more concentration on follow-through so that projects kept moving until completion. Plaintiff was noted to need to continue to improve.

While the overall assessment at that point in time was satisfactory, it does not negate the evidence of deficient job performance put forth by defendant. Therefore, even if plaintiff was qualified for the job and thus a prima facie case has been established, he has failed to prove defendant's reasons for requesting his resignation are pretextual. Although plaintiff has filed his own affidavit saying his work was good, he has failed to produce any evidence–direct or circumstantial- that his employer's articulated reasons for requesting his resignation were a pretext for racial discrimination. Plaintiff has failed to offer sufficient evidence of pretext to create a genuine issue of material fact by showing that the reason is not true or is only one reason for the adverse employment decision, the other being race. See Rachid v. Jack in the Box, Inc., 376 F.3d 305 (5th Cir. 2004). In other words, a rational finder of fact could not find that the employer in this case discriminated against the plaintiff on the basis of race. Pratt v. City of Houston, Texas, 247 F.3d 601 (5th Cir. 2001), citing St. Mary's Honor Ctr. v. Hicks, 113 S. Ct. 2742 (1993).

In order to survive summary judgment, there must be a conflict in substantial evidence which creates a jury question. Rhodes v. Guiberson Oil Tools, 75 F.3d 989 (5th Cir. 1996). Here plaintiff has not shown that race was a motivating factor in his termination.

8

For the foregoing reasons, IT IS RECOMMENDED that defendant's motion for summary judgment [Doc. #27] be GRANTED and plaintiff's claims be dismissed with prejudice.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 2nd day of May, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE